**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SAZERAC BRANDS, LLC,<br>Plaintiff,<br><br>v.<br><br>WOLF POINT DISTILLING, LLC<br>Defendant. | Case No. ___________ |

**COMPLAINT AND JURY DEMAND**

Plaintiff Sazerac Brands, LLC ("Sazerac" or "Plaintiff"), by and through its undersigned counsel, brings this action against Wolf Point Distilling, LLC ("Wolf Point" or "Defendant") and alleges the following:

**INTRODUCTION & SUMMARY OF RELIEF REQUESTED**

1. This case is about stopping Wolf Point's willful trademark infringement and unfair competition in the marketplace. As set forth herein, Sazerac is a pioneer and industry leader in the American spirits market. Even before the turn of the 20th Century, Sazerac, its predecessors, and affiliates have marketed and sold many different types and brands of spirits in the United States, including rum and liqueurs, among many others.

2. Since at least 2010, Sazerac has marketed and sold its espresso-flavored rum spirit called "GRIND." GRIND enjoys a stellar reputation, an enthusiastic following, and extensive nationwide distribution across the United States, including in numerous retail locations throughout the state of Illinois and this District. GRIND is a federally-registered trademark and the registration is incontestable.

3. In 2024, more than a decade *after* Sazerac began using GRIND, Wolf Point

launched its INDUSTRIAL GRIND coffee liqueur into the U.S. marketplace. This unauthorized coexistence is likely to cause substantial amounts of confusion among the relevant consuming public for numerous reasons. The parties' marks are highly similar in sound and appearance and share the dominant element, GRIND. *Both* parties are selling spirits that are typically marketed and sold together or in close proximity. *Both* parties use the same liquor distribution network in Illinois. *Both* parties' products appear side-by-side on liquor distributors' websites. *Both* parties sell to the same types of retail outlets.

4. Sazerac promptly put Wolf Point on notice regarding its infringing conduct, but Wolf Point has refused to cease its infringing use. Consequently, Sazerac has no choice but to initiate this action in order to protect its valuable rights in the GRIND trademark from further infringement and encroachment. Sazerac seeks recovery for violations of federal law and state common law. Sazerac will be requesting injunctive relief, damages, attorneys' fees and costs, and all other judicial or equitable relief available to it for being forced to file this action against an intransigent junior user that appears poised to continue its infringing ways.

## PARTIES

5. Plaintiff Sazerac is a Delaware limited liability company with a principal place of business at 10101 Linn Station Road, Suite 400, Louisville, Kentucky 40223.

6. On information and belief, Wolf Point is an Illinois limited liability company with a principal place of business at 215 N Laflin Street, Unit 1, Chicago, Illinois 60607.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. §§ 1121(a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark infringement), and 1338(b) (unfair competition) of Title 28, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

8. Supplemental jurisdiction is proper for the state law claim pursuant to Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a), because the claim is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States

Constitution. In the alternative and on information and belief, the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the Parties are citizens of different States and the damages and harm caused by Defendants exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Wolf Point because it is organized under the laws of this state, maintains its principal place of business in this state and judicial district, has a substantial presence within this judicial district, and is advertising, distributing, and selling the infringing goods here.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Wolf Point resides and is subject to personal jurisdiction with respect to this action in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. On information and belief, Wolf Point selected and adopted its INDUSTRIAL GRIND mark in this judicial district and Wolf Point advertises, distributes, and sells infringing products under the INDUSTRIAL GRIND mark in this judicial district.

## FACTUAL BACKGROUND

### I. Sazerac's Business and its Longstanding Use of the GRIND Brand

11. Sazerac is a wholly-owned subsidiary of Sazerac Company, Inc. ("Sazerac Company"). Sazerac owns the intellectual property, including trademarks, associated with Sazerac Company's alcoholic beverages, distilled spirits, and other products. Sazerac, including through Sazerac Company, its predecessors and affiliates, markets and sells different types of alcoholic beverages and distilled spirits, including vodkas, whiskeys, tequilas, gins, liqueurs, rums, and other spirits, under various brands.

12. Sazerac Company is a closely-held family-owned company that has been in business for over 227 years. Sazerac Company is one of the most successful alcoholic beverage companies in the world, having produced many spirits that are sold under well-known, highly-acclaimed, and famous brand names such as BUFFALO TRACE, SOUTHERN COMFORT, CORAZON, STAGG, MYERS'S, DR. MCGILLICUDDY'S, and FIREBALL, to name a few.

13. Since at least as early as 2010, Sazerac and its predecessors-in-interest have

continuously marketed, sold, and distributed throughout the United States (including in this District) espresso-infused rum liqueurs under the trademark GRIND Espresso Shot (hereinafter "GRIND" or the "GRIND Marks"):




14. As detailed on Sazerac.com, GRIND represents "a combination of medium-roasted Colombian arabica beans carefully blended with smooth Caribbean rum."[1] Since its introduction into the marketplace, GRIND has garnered an extensive and enthusiastic following. Consumers laud GRIND's many attributes such as its flavor and sweetness, versatility, and rich, full bodied taste.

15. In addition to its original GRIND, shown above, Sazerac has expanded the GRIND brand to include flavored varieties of its rum liqueur, including GRIND Espresso Shot Caramel and GRIND Espresso Shot Mocha shown below, as well GRIND Espresso Shot Double Espresso:

[1] *See* Sazerac, Grind Liqueur, https://www.sazerac.com/our-brands/sazerac-brands/grind-rum-espresso.html (last accessed June 12, 2025).




16. Due to GRIND's popularity with consumers, GRIND is marketed, distributed, and sold extensively throughout the United States and within the state of Illinois. GRIND is sold at all customary and usual places wherever alcoholic beverages are typically sold. This includes sales at bars, restaurants, and other locations where individual alcoholic drinks are sold and consumed, as well as liquor stores, grocery stores, and other retail outlets.

17. GRIND is marketed through websites and social media accounts maintained by Sazerac and its affiliates. The websites include Sazerac.com and grindespressoshot.com. True and correct copies of webpages and social media posts featuring GRIND are attached hereto as **Exhibit A**.

18. GRIND is also marketed and advertised extensively online by third parties that sell GRIND to retail customers. For example, Binny's Beverage Depot, Top Shelf Wine and Spirits, and Total Wine & More are just some of the third parties that maintain active online listings for GRIND. GRIND is also advertised online by major national and regional grocery store chains such as Kroger and Safeway. True and correct copies of certain third-party listings are attached hereto as **Exhibit B.**

19. Through its continuous use of the GRIND Mark since at least 2010, Sazerac has significant common law rights in and to the GRIND Marks throughout the United States and all locations where the GRIND products are distributed and sold.

20. Sazerac owns the following federal trademark registrations to protect its GRIND brand (the "GRIND Registrations"):

- GRIND, U.S. Registration No. 3,897,820 ("the '820 Registration"), registered on December 28, 2010 for "alcoholic beverages except beers" in Class 33;[2]
- U.S. Registration. No. 7,323,512 ("the '512 Registration"), registered on March 5, 2024 for "alcoholic beverages except beers" in Class 33 and covering:




21. Attached hereto as **Exhibit C** are true and correct copies of the trademark registrations for the GRIND Registrations.

22. The '820 Registration has achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

23. Sazerac carefully controls the use of its GRIND Marks and is diligent in policing infringement by third parties. It has successfully enforced its rights in the GRIND Marks both in federal court and before the Trademark Trial and Appeal Board to prevent third-party use or registration of GRIND-formative trademarks in connection with similar alcoholic beverage products.

[2] Trademark Registration No. 3,897,820 was issued to Diageo North America, Inc. on December 28, 2010. Diageo assigned all rights, title and interest in and to the registration to Sazerac in 2018.

## II. Wolf Point and Its INDUSTRIAL GRIND Liqueur

24. According to its website, https://www.wolfpointdistilling.com/about, Wolf Point is a Chicago-based craft distillery that crafts a variety of spirits including "bourbon, rye, whiskey, gin, vodka, and specialty infusions." It has a Tasting Room at its principal place of business in Chicago where its spirits are available for consumption.

25. As part of its routine monitoring and enforcement activities, Sazerac discovered a Certificate of Label Approval ("COLA") that Wolf Point filed with the U.S. Department of Treasury Alcohol and Tobacco Tax, and Trade Bureau ("TTB") on June 2, 2024, assigned COLA No. 2415001000001, for the label shown below. A true and correct copy of Wolf Point's COLA, retrieved from the TTB's publicly-available database, is attached hereto as **Exhibit D**.




26. In its COLA, Wolf Point identifies the "brand name" of its product simply as "INDUSTRIAL GRIND."

27. In approximately August 2024, Wolf Point began selling its INDUSTRIAL GRIND Coffee Liqueur in Illinois using the label identified in the COLA. A bottle of Wolf Point's INDUSTRIAL GRIND product is shown below:




28. On its website, Wolf Point prominently uses "INDUSTRIAL GRIND Coffee Liqueur" to market and promote its coffee-flavored liqueur.

29. On information and belief, INDUSTRIAL GRIND was developed by Wolf Point in collaboration with third party Big Shoulders Coffee, a local coffee roaster located at 2415 W. 19th Street, Chicago, Illinois 60608.

30. On information and belief, INDUSTRIAL GRIND is distilled, brewed, and bottled in Chicago, Illinois.

31. Wolf point also began marketing INDUSTRIAL GRIND, including on its website and on social media. Attached hereto as **Exhibit E** is a true and correct copy of Wolf Point's website and an Instagram post relating to its INDUSTRIAL GRIND liqueur.

32. Wolf Point also placed INDUSTRIAL GRIND into the stream of U.S. commerce and began selling INDUSTRIAL GRIND through various third-party retailers or distributors.

**III. INDUSTRIAL GRIND is Likely to Cause Widespread Confusion in the Marketplace**

33. Wolf Point's INDUSTRIAL GRIND is likely to cause widespread confusion in the marketplace at every link in the distribution chain from distributors, to retailers, to consumers.

34. For starters, the parties' marks look and sound similar. The dominant portion of both marks is the capitalized word "GRIND," which has the same or similar commercial impression and meaning in the parties' marks and the same spelling and pronunciation.

35. Both Sazerac and Wolf Point market their GRIND and INDUSTRIAL GRIND products on their respective websites, as well as on various social media platforms.

36. Additionally, the parties' products are in the same family: distilled spirits. Both parties market their products by highlighting their coffee flavors and their ability to be mixed in cocktails. For example, Sazerac markets GRIND as "a finely balanced espresso spirit that can be mixed with almost anything"[3] and Wolf Point markets INDUSTRIAL GRIND as having "full body, & dark roast notes create a complex & satisfying taste" that "allows for endless cocktail possibilities, from simple to sophisticated."[4]

37. Both Sazerac's GRIND and Wolf Point's INDUSTRIAL GRIND are also marketed by third-party retailers who sell alcoholic beverage products, including at least some of the same retailers.

38. For example, third party Keg N Bottle, a retailer with several locations in the Chicago area and in San Diego, California who ships alcoholic beverages to most states, markets the parties' products side-by-side on its website, as shown by the screenshot below. Attached hereto as **Exhibit F** is a true and correct copy of a portion of Keg N Bottle's website from which the screenshot is taken.

[3] *See* https://grindespressoshot.com/our-story.html (last accessed June 12, 2025).
[4] *See* https://www.wolfpointdistilling.com/industrialgrind (last accessed June 12, 2025).




39. As another example, third party Binny's Beverage Depot carries both Sazerac's GRIND and Wolf Point's INDUSTRIAL GRIND. Attached hereto as **Exhibit G** are true and correct copies of Binny's Beverage Depot's webpages through which consumers can purchase the parties' products. As these webpages, and the screenshots below, show both parties' products may be available for in-store pickup from, among other places, the Binny's Beverage Depot location in Lincoln Park, Chicago.






40. On information and belief, Wolf Point's INDUSTRIAL GRIND products are marketed, sold, and shipped nationwide, including through the retailers identified above.

41. Wolf Point has had constructive notice that Sazerac owns the GRIND Marks because Sazerac uses the registration symbol ® in connection with the GRIND Marks when marketing GRIND products, and Sazerac owns trademark registrations for the GRIND Marks.

42. Several months before filing suit, Sazerac put Wolf Point on actual notice that its INDUSTRIAL GRIND mark was infringing and that it should cease and desist any further use. Regrettably, over the past several months, Wolf Point has refused to do so.

**COUNT I**

***(Trademark Infringement Under 15 U.S.C. § 1114)***

43. Sazerac re-alleges and incorporates by reference the allegations in the proceeding paragraphs as if fully set forth herein.

44. As described above, Sazerac owns the distinctive GRIND Registrations in connection with alcoholic beverages.

45. Sazerac's '820 Registration for GRIND is incontestable, valid, subsisting, in full force and effect, and Sazerac owns all right, title, and interest in the '820 Registration and the goodwill associated with the GRIND Mark.

46. Sazerac's ownership and exclusive use in commerce of the GRIND Mark is superior to Wolf Point's use of INDUSTRIAL GRIND on its infringing product.

47. Wolf Point uses INDUSTRIAL GRIND as a trademark in commerce in connection

with the advertising, distribution, offering for sale, and/or sale of alcoholic beverage products.

48. Wolf Point's use of the INDUSTRIAL GRIND mark in interstate commerce, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a) because it is without Sazerac's consent and is likely to cause confusion, to cause mistake, and to deceive consumers as to the origin or source of Wolf Point's goods, and/or cause consumers to believe, mistakenly, that Wolf Point and/or Wolf Point's goods are part of or sponsored, licensed, endorsed, approved by, or otherwise affiliated with, Sazerac and its GRIND Marks.

49. Wolf Point was, at all relevant times, both actually and constructively aware of Sazerac's prior use and registration of the GRIND Marks and it nonetheless adopted and refused to stop using the INDUSTRIAL GRIND mark. Wolf Point's conduct is therefore willful.

50. Further, Wolf Point's promotion and offer for sale of products bearing the INDUSTRIAL GRIND mark will likely deceive and confuse consumers into believing that the INDUSTRIAL GRIND products are produced, distributed, licensed, endorsed, approved by or otherwise affiliated with Sazerac, when in fact, they are not.

51. Wolf Point has intentionally and knowingly infringed Sazerac's trademark rights and willfully intends to trade on the goodwill and reputation of Sazerac and its GRIND Marks.

52. Upon information and belief, as a direct and proximate result of Wolf Point's violations of 15 U.S.C. § 1114, Sazerac has been and will continue to be damaged in an amount determined at trial.

53. Further, as this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and involves the willful infringement of Sazerac's GRIND Marks as defined in 15 U.S.C. § 1117(b), damages should be trebled and attorneys' fees should be awarded.

54. Upon information and belief, Wolf Point has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Sazerac.

55. Wolf Point's conduct is causing and, unless restrained, will continue to cause Sazerac to suffer irreparable injury for which Sazerac has no adequate remedy at law.

**COUNT II**

***(Federal False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))***

56. Sazerac re-alleges and incorporates by reference the allegations in the proceeding paragraphs as if fully set forth herein.

57. As described above, Sazerac owns common law and federally registered rights in the GRIND Marks in connection with alcoholic beverages.

58. Sazerac's ownership and exclusive use in commerce of the common law and federally registered GRIND Marks is superior to and predates any use of INDUSTRIAL GRIND by Wolf Point.

59. Wolf Point uses INDUSTRIAL GRIND as a trademark in commerce in connection with the advertising, distribution, offering for sale, and/or sale of alcoholic beverage products.

60. Wolf Point's use of the mark INDUSTRIAL GRIND in interstate commerce, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a) because it is without Sazerac's consent and is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of Wolf Point's goods, and/or cause consumers to believe, mistakenly, that Wolf Point and/or Wolf Point's goods are part of, or sponsored, licensed, endorsed, approved by, or otherwise affiliated with, Sazerac and its GRIND Marks.

61. Wolf Point was at all relevant times both actually and constructively aware of Sazerac's prior use and registration of the GRIND Marks and it nonetheless adopted and refused to stop using the INDUSTRIAL GRIND mark. Wolf Point's conduct is, therefore, willful.

62. Wolf Point has intentionally and knowingly infringed Sazerac's trademark rights and willfully intends to trade on the goodwill and reputation of Sazerac and its GRIND Marks.

63. Upon information and belief, as a direct and proximate result of Wolf Point's violations of 15 U.S.C. § 1125(a), Sazerac has been and will continue to be damaged in an amount to be determined at trial.

64. Upon information and belief, Wolf Point has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Sazerac.

65. Wolf Point's conduct is causing and, unless restrained, will continue to cause Sazerac to suffer irreparable injury for which Sazerac has no adequate remedy at law.

**COUNT III**
***(Violation of Illinois Uniform Deceptive Trade Practices Act under 815 ILCS § 510/2)***

66. Sazerac re-alleges and incorporates by reference the allegations in the proceeding paragraphs as if fully set forth herein.

67. As described above, Sazerac owns common law and federally registered rights in the GRIND Marks in connection with alcoholic beverages.

68. Sazerac's ownership and exclusive use in commerce of the common law and federally registered GRIND Marks is superior to and predates any use of INDUSTRIAL GRIND by Wolf Point.

69. On information and belief, Wolf Point selected and adopted the INDUSTRIAL GRIND mark in Illinois, it distills and bottles INDUSTRIAL GRIND in Illinois, it markets and distributes INDUSTRIAL GRIND from its principal place of business in Illinois, and it works with retailers and other third parties to market and sell INDUSTRIAL GRIND in Illinois.

70. Wolf Point's use of the mark INDUSTRIAL GRIND, as described above, constitutes deceptive and unfair trade practices in violation of 815 ILCS § 510/2 by causing likelihood of confusion and/or misunderstanding as to the source, sponsorship, approval, or certification of Wolf Point's goods, causing likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with or certification by another of its goods, and/or otherwise creates a likelihood of confusion or misunderstanding.

71. Specifically, consumers are likely to believe that Wolf Point's INDUSTRIAL GRIND product emanates from or is sponsored, approved, affiliated, connected, or associated with Sazerac and its GRIND Marks, when in fact it is not.

72. Wolf Point was at all relevant times both actually and constructively aware of Sazerac's prior use and registration of the GRIND Marks and it nonetheless adopted and refused to stop using the INDUSTRIAL GRIND mark. Wolf Point's conduct is, therefore, willful.

73. Wolf Point knew, or by the exercise of reasonable care should have known, that its past, current, and continued advertising, marketing, promotion, distribution, display, offering for sale, and sale of INDUSTRIAL GRIND has and will continue to cause confusion and/or misunderstanding, or deceive consumers and the public.

74. As a proximate result of Wolf Point's wrongful conduct, Sazerac has been and will continue to be damaged in an amount to be determined at trial.

75. Upon information and belief, Wolf Point has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Sazerac.

76. Wolf Point's conduct is causing and, unless restrained, will continue to cause irreparable injury to Sazerac for which Sazerac has no adequate remedy at law.

**COUNT IV**
***(Common Law Trademark Infringement and Unfair Competition)***

77. Sazerac re-alleges and incorporates by reference the allegations in the proceeding paragraphs as if fully set forth herein.

78. The GRIND Marks are distinctive and Sazerac has continuously used the GRIND Marks, including in Illinois, to identify and distinguish its GRIND products from those of competitors and Sazerac owns all right, title, and interest in the GRIND Marks.

79. Sazerac's ownership and exclusive use in commerce of the common law and federally registered GRIND Marks is superior to and predates any use of INDUSTRIAL GRIND by Wolf Point.

80. Wolf Point's use of the INDUSTRIAL GRIND Mark, as described above, constitutes trademark infringement and unfair competition under common law because it is without Sazerac's consent and is likely to cause confusion, to cause mistake, and to deceive consumers as to the origin or source of Wolf Point's goods, and/or cause consumers to believe, mistakenly, that Wolf Point and/or Wolf Point's goods are part of or sponsored, licensed, endorsed, approved by, or otherwise affiliated with, Sazerac and its GRIND Marks.

81. Wolf Point acted in willful, deliberate, and/or intentional disregard of Sazerac's

rights. Wolf Point was at all relevant times both actually and constructively aware of Sazerac's prior use and registration of the GRIND Marks and it nonetheless adopted and refused to stop using the INDUSTRIAL GRIND mark. Wolf Point's conduct is, therefore, willful.

82. As a proximate result of Wolf Point's wrongful conduct, Sazerac has been and will continue to be damaged in an amount to be determined at trial.

83. Upon information and belief, Wolf Point has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Sazerac.

84. Wolf Point's conduct is causing and, unless restrained, will continue to cause irreparable injury to Sazerac for which Sazerac has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Sazerac prays as follows:

A. That the Court enter judgment in favor of Sazerac, including preliminary and permanent injunctive relief, on all claims for relief asserted in the Complaint;

B. That the Court enter judgment determining that Wolf Point's products infringe Sazerac's GRIND Marks in violation of 15 U.S.C. § 1114;

C. That the Court enter judgment determining that Wolf Point infringed Sazerac's rights in the GRIND Marks and committed acts of unfair competition and false designation of origin under 15 U.S.C. § 1125(a);

D. That the Court enter judgment determining that Defendant committed deceptive and unfair trade practices in violation of 815 ILCS § 510/2;

E. That the Court enter judgment determining that Defendant committed trademark infringement and unfair competition under the common laws of the State of Illinois;

F. That the Court grant an injunction enjoining and restraining Wolf Point, its officers, employees, agents, attorneys, and all persons acting by, through, or in concert with any of them, from:

i. using the GRIND Marks and any confusingly similar mark, word, name or designation of a trademark, service mark, or trade name in a manner that is

likely to cause consumer confusion pursuant to 15 U.S.C § 1116;

ii. doing any other act likely to cause confusion or mistake or to deceive consumers into believing, mistakenly, that Defendant's goods are sponsored, licensed, endorsed, or approved by Sazerac, or are otherwise affiliated with Sazerac; and

iii. unfairly competing with Sazerac.

G. That the Court issue an order directing Wolf Point to file with the Court and serve on Sazerac within thirty (30) days after the service on Sazerac of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Wolf Point has complied with the injunction;

H. That the Court award Sazerac its actual damages and Wolf Point's profits resulting from the infringement of the GRIND Marks and/or Wolf Point's unfair competition, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial;

I. That the Court award Sazerac its damages caused by Wolf Point's deceptive trade practices and common law trademark infringement and unfair competition in an amount to be established at trial;

J. That the Court declare this an exceptional case in light of Wolf Point's knowing and willful infringement of the GRIND Marks;

K. That the Court award Sazerac all costs, including attorneys' fees, allowable by statute and/or other law, including 15 U.S.C. § 1117(a);

L. That the Court order that all INDUSTRIAL GRIND products marketed in violation of Sazerac's trademark rights in the GRIND Marks be destroyed or otherwise reasonably disposed of; and

M. That the Court award Sazerac such other and further relief as this Court deems fair, just, and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Sazerac Brands,

LLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: June 27, 2025

*/s/ Joshua R. Rich*

Joshua R. Rich
McDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Drive
Chicago, Illinois 60606
312.913.0007
rich@mbhb.com

J. Michael Keyes
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Phone: (206) 903-8800
keyes.mike@dorsey.com

*Attorneys for Plaintiff Sazerac Brands LLC*